THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ A. RODRÍGUEZ ET AL., Defendants and Appellants.

No. 13019.   Argued January 28, 1948.—Decided February 12, 1948.

*José L. Feliú Pesquera* for appellant.   *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The District Attorney of Bayamón filed an information against José A. Rodríguez and Jacinto Dávila, for the offense of transporting adulterated milk, charging the former as owner of the product and the latter as driver of the vehicle in which the milk was transported.   After the corresponding trial was held, the court found each defendant guilty and sentenced him to pay a fine of $40 and, in default of such payment, to be confined in jail one day for each dollar left unpaid.   Both defendants appealed; but the appeal of Jacinto Dávila was dismissed by us on January 28, 1948, be-

cause he had failed to file any brief in support thereof. Hence, the appeal taken by José A. Rodríguez is the only one now before us.

This appellant first contends that "the lower court committed manifest error in weighing the evidence."

■ The first witness to testify was *Ignacio Rivera Berríos*. He stated, in brief, that he is a Health Inspector; that on or about June 25, 1946, while he was taking samples of milk in front of the bottling plant which is located in the ward of Hato Tejas, Bayamón, a truck carrying milk arrived; that he ordered the driver of the truck to stop and then proceeded to take samples of each and all of the cans which were in the truck; that he took the samples by filling three small bottles from each lot of milk bearing the names of persons who sent the milk; that he covered said bottles and sealed them; that he labeled Rodríguez's sample "I.R.B. 24"; that said milk was for human consumption; that the driver of the truck was Jacinto Dávila, and that, although it belonged to a certain Espasas, the milk which was found adulterated was in a sealed can labeled "José A. Rodríguez"; and that, subsequently, while talking with Rodríguez the latter told him that the milk was his, although he claimed that he merely took out the milk and placed it on the highway but that he did not seal it; and that, although Rodríguez was not authorized to engage in the sale of milk, he had a special permit from the Chief of the Public-Health Unit to do so.

*Rafael Del Valle Zárraga,* who was the second witness to testify, stated that he is the Chief of the Chemistry Bureau of the Department of Health; that the sample of milk labeled "I.R.B. 24" was analyzed under his immediate supervision and direction by Miss Gloria A. Circuns, a chemist; that he saw when the analysis was made; that it was made in the chemical laboratory to determine if said milk had water artificially added; and that the analysis revealed that the

milk was adulterated with 15.38 per cent of water; that Miss Circuns is a graduate chemist, who works in the Department of Health, under his direction, and that he was her chief.

*Gloria A. Circuns* testified that she is a chemist-pharmacist graduate from the University of Puerto Rico, where she had to study four years to obtain her degree; that she has not yet taken the examination for a license before the Chemistry Board; and that she analyzed the sample of milk in question and found that it was adulterated with 15.38 per cent of water artificially added.

The defense did not introduce any evidence whatever. There was no conflict in the evidence presented by the People and, in our judgment, said evidence is sufficient to uphold the action taken by the lower court. See *People* v. *Bou,* 64 P.R.R. 445; *People* v. *González,* 63 P.R.R. 138; *People* v. *Rodríguez,* 61 P.R.R. 708; *People* v. *Rubio,* 53 P.R.R. 535; and *People* v. *Morales,* 47 P.R.R. 721. As to the weighing of the evidence, it is an established principle that we will not disturb the conclusion reached by the lower court, unless it is shown that in making such finding that court committed manifest error or acted under the influence of passion, prejudice or partiality. *People* v. *Santos,* 67 P.R.R. 610, 613.

The defendant also urges "that the trial court committed grave error of law in finding the defendant José A. Rodríguez guilty, since no evidence was introduced to show that the supposedly adulterated milk was intended for human consumption." In his argument under this assignment, the appellant insists that the purpose for which the milk would be used was not proven. However, the Health Inspector testified that it was for human consumption, and there was no objection from the defense as to that statement. Moreover, as we have seen, he testified that the sample of the milk belonging to Rodríguez was taken from a truck which carried other cans containing milk intended for the bottling plant of Espasas, who was engaged in the sale of milk; that at

the time of the taking of the sample, the truck was in front of said plant, and that said milk, as it was indicated to him, was transported for delivery there. Under those circumstances, it is beyond dispute that it was proven that the milk was transported for human consumption. *People* v. *Cotis,* 50 P.R.R. 464; and *People* v. *Nieves,* 44 P.R.R. 404.

■ Finally, the defendant urges that the lower court erred in permitting Miss Gloria A. Circuns to testify as an expert witness, since at the time she analyzed the sample of milk she did not have the corresponding license issued by the Chemistry Board of Puerto Rico. By examining the summary of evidence, which we have already made, it will be seen that the witness Del Valle Zárraga testified that he is the Chief of the Chemistry Bureau of the Department of Health, that Miss Circuns is a graduate chemist and works as an employee of said Bureau and that she made the analysis of the milk in his presence and under his supervision. In these circumstances, the lower court did not commit any error in admitting her testimony. Cf. *People* v. *Zapata,* 54 P.R.R. 136; *People* v. *Velázquez et al.,* 35 P.R.R. 549; and *People* v. *Toro,* 32 P.R.R. 737.

In so far as the defendant José A. Rodríguez is concerned, the judgment appealed from will be affirmed.